IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JERRY BARMORE AND MIKE MERICLE,<br>*Plaintiffs,*<br><br>CITY OF KEMAH,<br>*Defendant.* | §<br>§<br>§<br>§   CIVIL ACTION NO._____<br>§<br>§<br>§ |

## PLAINTIFFS JERRY BARMORE AND MIKE MERICLE'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME Plaintiffs, Jerry Barmore and Mike Mericle, and file this, their Original Complaint and Jury Demand against the City of Kemah concerning claims of retaliation and discrimination under the Age Discrimination in Employment Act and the Americans with Disabilities Act Amended Acts, to correct unlawful employment practices on the basis of age discrimination, retaliation, disability, and hostile work environment. In support thereof, Plaintiffs respectfully show the following:

### PARTIES

1. Plaintiff, Jerry Barmore is an individual that is a citizen of the State of Texas and resides in Galveston County.

2. Plaintiff, Mike Mericle is an individual that is a citizen of the State of Texas and resides in Galveston County.

3. Defendant, City of Kemah, is an incorporated city located in Galveston County, Texas that may be served by service upon its mayor, Carl A. Joiner, at his business address of 1401 State Hwy. 146, Kemah, Texas 77565.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331.

5. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiffs timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, which was dually filed with the Texas Workforce Commission. Plaintiffs received a right to sue letter from the EEOC on June 15, 2021 bring this lawsuit in federal court within the requisite time frame. All conditions precedent to the bringing of this lawsuit have been satisfied and fulfilled.

## FACTUAL BACKGROUND

7. Plaintiffs were terminated from their employment with the City of Kemah ("City") police department in violation of the Americans with Disabilities Act, *42 U.S.C.S. § 12101 et seq.* ("ADA") and the Age Discrimination in Employment Act of 1967, *29 U.S.C. § 621 et seq.* ("ADEA"). Plaintiff, at the time of their termination, were employed as sergeants with the City of Kemah police department. Sergeant Barmore has served as a commissioned police officer in Texas for over 22 years and has a history of exemplary service with absolutely no service blemishes. Mr. Barmore was honored as Officer of the Year in 2018 for the Kemah Police Department by the Galveston County 50 Club. Likewise, Mr. Mericle has an outstanding service history as a commissioned police officer for over 18 years.

8. On April 16, 2020 (soon after the outbreak of the coronavirus pandemic) Plaintiffs were furloughed for six months. At the end of the furlough period they were both terminated on October 6, 2020. No other officers or personnel of the police department were furloughed or terminated. The reason stated by Defendant for such action was budgetary constraints due to the

decrease in revenue caused by the pandemic. However, this was a mere pretext to mask the real reasons for their furlough. Both officers are diabetic – a condition which was well known to all in the police department. Sergeant Barmore carried a medical bag because of his diabetes and both officers were under commonly known dietary restrictions. Further, Sergeants Barmore and Mericle were the two oldest and most experienced officers on the force. Sergeant Barmore was 47 at the time of the furlough and termination and Sergeant Mericle was 46. The City furloughed and fired them, not for budgetary reasons, but because of their medical condition and age which it perceived as posing an increased risk of serious Covid 19 infection with increased potential cost and liability to Defendant. Additionally, Defendant seized upon the pandemic as opportunity to "weed out" these two older officers.

9. Diabetes is a disability within the meaning of the ADA's definition of disability because it substantially limits the major life activity of endocrine function. *29 C.F.R. §1630.2(j)(3)(iii)*. Additionally, because the determination of whether an impairment is a disability is made without regard to the ameliorative effects of mitigating measures, diabetes is a disability even if insulin, medication, or diet controls a person's blood glucose levels. An individual with a past history of diabetes (for example, gestational diabetes) also has a disability within the meaning of the ADA. *Id. at §1630.2(k)*. Finally, an individual is covered under the third ("regarded as") prong of the definition of disability if an employer takes a prohibited action (for example, refuses to hire or terminates the individual) because of diabetes or because the employer believes the individual has diabetes. *Id. at §1630.2(l)*.

10. The ADEA makes it unlawful for public or private employers, employment agencies, licensing agencies, and unions to refuse to hire, to fire, or otherwise discriminate against any individual in compensation or the terms or conditions of his/her employment based on the individual's age, if the individual is over the age of 40.

11. The actions of Defendant in furloughing and terminating Sergeants Barmore and Mericle violated the ADA and the ADEA. Defendant only furloughed and terminated the two oldest and most experienced officers and the only two with a protected disability under the ADA. Plaintiffs' furlough and termination was not due to a reduction in force necessitated by budget shortfalls caused by reduced revenues as a result of the pandemic. This position is wholly baseless and is a mere pretext by Defendant to mask its egregious violation of both the ADA and the ADEA and is completely undercut by the facts, including, but not limited to:

   a. the police force hired four additional officers during Plaintiffs' furlough period;

   b. on August 5, 2020 Defendant approved a 2% cost of living raise for all employees;

   c. on May 2, 2020 the City Council passed a motion to "back fill open police officer position … including un-furloughing one of the officers."

   d. on August 5, 2020 the City Council for the second time gave approval to hire police including furloughed officers;

   f. during the relevant time period Defendant re-hired two other high paying city jobs – the finance director on September 2, 2020 and the person responsible for IT services on August 5, 2020;

   g. Defendant received $112,585.00 in FEMA reimbursement under the CARES Act;

   h. overall sales tax revenue for Defendant in fiscal year 2020 was only down approximately 7% from 2019; and,

   i. local businesses offered to pay Defendant to rehire Plaintiffs.

12. An employee must present evidence of three facts to bring a prima facie case under the ADA: (1) the employee had a disability, had a history of disability, or was perceived by the employer as having a disability; (2) the employee was qualified for the position and able to perform its essential functions, with or without a reasonable accommodation; and, (3) the circumstances suggest that the employee was subjected to a negative job action based on disability.

13. An employee must present evidence of three facts to bring a prima facie case under the ADEA: (1) the employee is a member of a protected class; (2) the employee was meeting the employer's legitimate expectations; (3) the employee suffered an adverse employment action; and (4) similarly situated employees who are not members of the protected class were treated more favorably.

## AGE DISCRIMINATION AND RETALIATION BY DEFENDANT

14. As described above, Defendant intentionally engaged in unlawful employment practices involving Plaintiffs because of their age in violation of the Age Discrimination Employment Act, 29 U.S.C. § 621, *et seq*. The employment practices complained of above were intentional. Due to their age and experience, Plaintiffs earned substantially more than their younger counterparts and it was economically advantageous for Defendant to conjure an excuse to fire them.

15. At all material times, Plaintiffs were 40 years of age or older. Plaintiffs were able to perform the essential functions of their position without any accommodations.

16. Defendant discriminated against Plaintiffs in connection with the compensation, terms, conditions and privileges of employment by furloughing and terminating them.

## ADAAA DISCRIMINATION AND RETALIATION BY DEFENDANT

17. Defendant, by and through its agents, intentionally engaged in unlawful discrimination and retaliation on the basis of a record of disability and perceived disability in violation of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. The employment practices complained of above were intentional.
Plaintiffs were able to perform the essential functions of their position without any accommodations.

18. Plaintiffs suffered an adverse employment action when they were furloughed and terminated without just cause.

19. Defendant treated Plaintiffs differently than other, similarly situated, employees

without a recorded or perceived disability.

20. Defendant, by and through its agents, discriminated against Plaintiffs on the basis of a recorded disability and regarding them as having a disability with malice or with reckless indifference to their federally protected rights.

21. Because of Defendant's actions, Plaintiffs suffered damages within the jurisdictional limits of this Court.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues, actions, and defenses against Defendant.

## PRAYER

WHEREFORE, for the reasons stated, Plaintiffs request that Defendant, City of Kemah, be cited to appear and answer and that, on final trial, Plaintiffs obtain the following:

a. Back pay, including but not limited to wages, and other employment benefits;

b. Front pay, including but not limited to wages, and other employment benefits;

c. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d. Actual damages;

e. Punitive damages;

f. Liquidated damages;

g. Recovery of reasonable and necessary attorneys' fees;

h. All costs of court and expenses;

i. Pre and post judgment interest as allowed by law; and

j. Such other and further relief to which Plaintiffs may be justly entitled

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that a Summons be issued and that upon trial on the merits Plaintiff be awarded the relief requested in this Complaint

and such other and further relief to which may be justly entitled.

          Respectfully submitted,

          */s/ J. Steven Stewart*
          J. Steven Stewart
          Texas Bar No. 19210500
          4635 Southwest Freeway, Suite 900
          Houston, Texas  77027
          Telephone: (713) 961-7770
          Fax: (832) 201-9117
          E-mail: jss@jstevenstewart.com

          **ATTORNEY FOR PLAINTIFFS JERRY BARMORE AND MIKE MERICLE**